IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff,*<br><br>v.<br><br>**REALPAGE, INC. A/K/A LEASING DESK SCREENING,**<br><br>*Defendant.* | **Civil No. 1:24-cv-00885-JRR** |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's unopposed Motion For Leave to Proceed in Pseudonym and For Protective Order. (ECF No. 2; the "Motion.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

### I.   BACKGROUND

On March 26, 2024, Plaintiff Jane Doe filed the Complaint against Defendant RealPage Inc. a/k/a LeasingDesk Screening alleging violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681, *et seq.* (ECF No. 1.) Plaintiff is a citizen of Edgewater, Maryland. *Id.* ¶ 13. Defendant is a consumer reporting agency ("CRA") that sells consumer reports, also known as tenant screening reports. *Id.* ¶ 2. Plaintiff alleges that Defendant provided an inaccurate tenant screening report to Plaintiff's potential landlord. *Id.* ¶ 3. "Specifically, Defendant reported nulled and expunged criminal records in its tenant screening report to Plaintiff's prospective landlord." *Id.* ¶ 4. As a result, Plaintiff's prospective landlord denied her housing application. *Id.* ¶ 5.

Plaintiff seeks an order allowing her to proceed in this action under the pseudonym "Jane Doe." (ECF No. 2-1.) Further, "[i]n the event that Plaintiff's true identity must be revealed in

these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to her true identity or identifying information to be filed under seal." *Id.* at 6.

## II.   ANALYSIS

### A.   Motion For Leave to Proceed in Pseudonym

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a).  In exceptional circumstances, however, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).  Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.  The United States Court of Appeals for the Fourth Circuit provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). The court must "carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

### *1.   Matter of Sensitive and Highly Personal Nature*

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of [a] sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. The types of sensitive personal information justifying anonymity typically involve allegations of sexual abuse, domestic violence, medical information, homosexuality, or the welfare rights of illegitimate children or abandoned families.

The court finds persuasive *Doe v. U.S. Healthworks, Inc.*[1] No. CV1505689SJOAFMX, 2016 WL 11745513 (C.D. Cal. Feb. 4, 2016). There, the plaintiff requested to proceed anonymously "because proceeding under his own name would expose and publicly connect him with the contents of his confidential background check report—specifically, Plaintiff is concerned about private information in this report concerning his recently expunged criminal history." *Id.* at *3. In evaluating the plaintiff's privacy interest in his criminal history, the court explained:

> Plaintiff's need for anonymity to protect his privacy interest in his criminal history presents a more difficult question. In *U.S. Department of Justice v. Reporters Committee For Freedom of the Press*, the United States Supreme Court acknowledged that people have a legitimate privacy interest in the events summarized in their criminal "rap sheets," despite these documents previously being disclosed to the public. 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). The similarity of that information to the contents of the background check report in this case is not insignificant. However, the Court in *Reporters Committee* also noted that "the protection accorded a privacy right at common law rested in part on the degree of dissemination of the allegedly private fact and the extent to which the passage of time rendered it private."

---

[1] While the Ninth Circuit frames the factors differently for evaluating a motion to proceed anonymously, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000), the court's analysis in *U.S. Healthworks Inc.* regarding the plaintiff's privacy interest remains relevant to this court's analysis of the first prong. *See Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *3 ("Helpfully, the court in *Advanced Textiles* highlighted three situations in which courts had found the balance to favor litigants proceeding anonymously: (1) when identification creates a risk of retaliatory physical or mental harm[;] (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[;] and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'") (citations omitted)).

> *Id.* at 763, 109 S.Ct. 1468. The Court also noted that "there is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information." *Id.* at 764, 109 S.Ct. 1468.
>
> In this case, Plaintiff's criminal history was a matter of public record until very recently and is still readily accessible by private entities, even if that access is subject to statutory limitations. Moreover, should the Court require Plaintiff to proceed under his own name, the information would only be obtainable "after a diligent search of courthouse files," rendering the privacy interest implicated by disclosure of such information minimal.
>
> …
>
> Finally, courts have typically found that the only privacy interests significant enough to merit anonymity involve matters of a "sensitive and highly personal nature." *Compare Advanced Textile*, 214 F.3d at 1068; *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (abortion); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation); *Doe v. Lally*, 467 F. Supp. 1339 (D. Md. 1979) (prison rape); *Doe v. Carleson*, 356 F. Supp. 753 (N.D. Cal. 1973) (illegitimacy and paternal abandonment); with *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038 ABC, 2009 WL 250054 C.D. Cal. 2009 (denying four former exotic dancers anonymity despite their interest keeping private their previous occupations).

*Id.* at *4-5.

In the instant case, Plaintiff's expunged criminal history is not a matter that is of a "sensitive and highly personal nature." *Compare U.S. Healthworks Inc., supra*; *Doe v. Evident ID Inc.*, 603 F. Supp. 3d 292, 294 (S.D.W. Va. 2022) ("In this case, Plaintiff's criminal history is not a matter that is of a sensitive and highly personal nature—rather, Plaintiff's criminal history is a matter of public record that is still readily accessible by private entities, even if that access will eventually be subject to statutory limitations."); *Doe v. Rentgrow, Inc.*, No. 2:23-cv-00860-ART-EJY, 2023 U.S. Dist. LEXIS 183080, at *5 (D. Nev. Aug. 3, 2023) ("The possible ramifications of revealing Plaintiff's prior expungement of his conviction do not serve as sufficient bases to

4

support allowing Plaintiff to proceed under a pseudonym."), *and Doe v. Rentgrow, Inc.*, No. CV 23-10572-NMG, 2023 WL 4354000, at *2 (D. Mass. July 5, 2023) (denying motion to proceed under pseudonym where the plaintiff sought to bring a "FCRA claim anonymously to avoid disclosure of his expunged criminal record"), *with Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule"); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("[C]ourts have held that minors' privacy interests in medical and financial information sufficiently outweigh the common law right of access." (citation omitted)), *and S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ("[W]here the issues involved are matters of a sensitive and highly personal nature," such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'") (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

While Plaintiff's expunged criminal history is no longer a matter of public record, it was at one time readily available to the public. *See U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989) ("Thus the extent of the protection accorded a privacy right at common law rested in part on the degree of dissemination of the allegedly private fact and the extent to which the passage of time rendered it private."). Moreover, the information here would "only be obtainable after a search of courthouse files, rendering the privacy interest implicated by disclosure of such information minimal." *Evident ID Inc.*, 603 F. Supp. 3d at 295; *see U.S. Healthworks Inc.*, 2016 WL 11745513, at *5 ("[S]hould the Court require Plaintiff to proceed

under his own name, the information would only be obtainable 'after a diligent search of courthouse files,' rendering the privacy interest implicated by disclosure of such information minimal."). Accordingly, the first factor weighs against allowing Plaintiff to proceed under a pseudonym.[2]

### 2. *Risk of Retaliatory Physical or Mental Harm*

The second factor considers whether denying the Motion "poses a risk of retaliatory physical or mental harm" to Plaintiff. *James*, 6 F.3d at 238. "[D]istrict courts routinely look for 'aggravating factors' or 'evidence' as a means to determine whether a risk of harm truly exists." *Doe v. Doe*, 85 F.4th 206, 213 (4th Cir. 2023); *see id.* at 214 ("The district court correctly noted that Appellant did not provide any evidence to support these fears, and these bald allegations are not sufficient."). The court is not persuaded that, were the court to deny the Motion, Plaintiff "would face a very real risk of harassment, ridicule, and personal embarrassment." *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008).

While Plaintiff argues that the harm "in having her identity revealed is certain and severe," (ECF No. 2-1 at 5), Plaintiff "does not allege any potential retaliation or harassment if her name is released in court documents." *Doe v. N.C. Central Univ.*, No. 1:98CV01095, 1999 WL 1939248, at *3 (M.D.N.C. Apr. 15, 1999). Rather, Plaintiff alleges "Defendant's inaccurate report cost Plaintiff the ability to rent the apartment unit that was suitably accommodating of her needs, causing her physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss." (ECF No. 1 ¶ 10.) "Fear of humiliation and

---

[2] Plaintiff cites no authority in support of a finding that her expunged criminal history is a matter that is of a sensitive and highly personal nature; instead, Plaintiff notes "that transgender individuals face particular societal stigma, [and] courts have considered a person's transgender status and gender identity to be important factors in permitting plaintiffs to proceed anonymously." (ECF No. 2-1 at 4.) Plaintiff then cites *Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080 (S.D. Ohio Aug. 15, 2016). There, the court allowed the plaintiff, an eleven-year-old transgender girl challenging a school policy, to proceed pseudonymously. *Id.* at *1, 5. Plaintiff does not provide any explanation why this cases pertains to the Motion.

embarrassment or the threat of economic harm, standing alone, is not a sufficient reason to grant a motion to proceed pseudonymously." *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 733 (W.D. Va. 2012); *see Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (noting that the fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity").

Plaintiff further contends that "[b]eing left without proper housing because of the permanent association with the expunged criminal records may cause Plaintiff major physical and emotional damages." (ECF No. 2-1 at 5.)  Indeed, "speculation concerning potential adverse economic consequences is not sufficient to outweigh the public interest in knowing a party's identity who is engaging in civil litigation." *Rentgrow, Inc.*, 2023 WL 6541998, at *2; *see U.S. Healthworks Inc.*, 2016 WL 11745513, at *4 (noting that there is some possibility that future potential employers deny the plaintiff employment as a result of searching the docket for his name, but the group of potential employers is small and would be limited to "those who have the ability and desire to search through public records, but not require professional background checks as a condition of employment").  Moreover, conclusory allegations without any evidence to support Plaintiff's fears or harms are insufficient.  *Doe v. Doe*, 85 F.4th at 214 ; *see Doe v. First Advantage Background Servs. Corp.*, No. 1:23-cv-01006-SEB-MKK, 2023 U.S. Dist. LEXIS 23770, at *9 (S.D. Ind. Oct. 20, 2023) ("[G]eneralized risks of harm are insufficient grounds for anonymity.").  Accordingly, the second *James* factor weighs against permitting Plaintiff to proceed under a pseudonym.

### 3. *Age / Government or Private Party*

The third and fourth factors also weigh against anonymity.  Plaintiff is not a minor.  (ECF No. 2-1 at 5.)  *See Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D.

Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same). Additionally, Defendant is not a government entity. (ECF No. 1 ¶ 2.) *See Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) ("Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm.").

### 4. *Risk of Unfairness to Opposing Party*

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Defendant has filed no response to the Motion; therefore, it does not contend it will suffer unfairness or prejudice should Plaintiff proceed anonymously. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants fail to articulate how they would be prejudiced in their defense). It is unclear whether Defendant is aware of Plaintiff's identity and/or whether Plaintiff intends to disclose her identity to Defendant. *See Doe v. Evident ID Inc.*, 603 F. Supp. 3d at 295 (denying motion to proceed anonymously in part where "Plaintiff has not indicated any intent to disclosure his identity to Defendants, which would impede their ability to proceed in this matter"). Accordingly, the court finds the fifth *James* factor to be neutral.

Ultimately, "the court returns to the Fourth Circuit's broad admonition that the court must balance Doe's stated interest in anonymity against the public's interest in openness." *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:21-CV-378, 2022 WL 972629, at *4 (W.D. Va. Mar. 30, 2022). As stated above, the court has "an independent obligation to ensure that extraordinary

circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274. No extraordinary circumstances are present in the instant case.

While Plaintiff argues that "[t]he usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) and state law (in this case, expungement) without visiting upon themselves the same injury for which they are suing," that alone is insufficient grounds to proceed anonymously. (ECF No. 2-1 at 5.) *Doe v. Gen. Info. Sols., Inc.*, No. 1:23CV130 SNLJ, 2023 WL 5286497, at *1 (E.D. Mo. Aug. 16, 2023) (denying motion to proceed under pseudonym where the plaintiff argued "that the usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing") (internal quotation marks omitted)). "Pseudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants and disclosing the parties' identities furthers openness of judicial proceedings." *Pub. Citizen*, 749 F.3d at 273 (internal citations omitted).

Upon consideration of the *James* factors and the circumstances of the instant case, the court concludes that allowing Plaintiff to proceed in this action under the pseudonym "Jane Doe" is not warranted.

B. **Motion for Protective Order**

Plaintiff's Motion further asks for entry of a protective Order: "In the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective

order which would require any reference to her true identity or identifying information to be filed under seal." (ECF No. 2-1 at 6.)

Under Federal Rule of Civil Procedure 26(c), the court may issue a protective order upon a finding of good cause. FED. R. CIV. P. 26(c). To the extent Plaintiff seeks to have every reference to her true identity filed under seal, for the reasons set forth above, the court declines for lack of cause.

### III.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's unopposed Motion For Leave to Proceed in Pseudonym and For Protective Order (ECF No. 2) will be denied. Within 14 days, Plaintiff must file a supplement that is a copy of the Complaint at ECF No. 1 but identifies Plaintiff by name in compliance with Rule 10(a). (Plaintiff may also voluntarily dismiss this action if she prefers not to file her complaint in her true name).[3]

June 6, 2024                                                                                          /S/
                                                                                          _____
                                                                                          Julie R. Rubin
                                                                                          United States District Judge

---

[3] Although the court denies the Motion, the court appreciates Plaintiff's desire to keep her expunged record out of the publicly searchable court records. *See Rentgrow, Inc.*, 2023 WL 6541998, at *2-*3; *Rentgrow, Inc.*, 2023 WL 4354000, at *2 ("The plaintiff will not be allowed to proceed anonymously but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed in open court."). In the event Plaintiff wishes to continue with this action under her true name (as opposed to voluntarily dismissing the action), she is entitled to move that particular documents be sealed or for a protective order pursuant to Rules 5.2 and 26(c). Should Plaintiff proceed in this manner, the court requires that any such motion indicate whether Defendant consents to the specific relief requested.